UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUDY DONATELL, et al.,<br><br>                Plaintiffs,<br>v.<br>THE CITY OF LAS VEGAS,<br><br>                Defendant. | Case No. 2:15-cv-02334-RFB-PAL<br><br>ORDER<br><br>(Pet Minor's Claim – ECF No. 150) |

Before the court is plaintiffs' Petition and Application for Order for Compromise of Minor's Claim (ECF No. 150).

This is an action filed by Judy Donatell individually and as Special Administrator of the Estate of Angela Dawn Donatell. The plaintiff is the grandmother and Guardian Ad Litem for the minor child, X.M., who is now sixteen years of age. The minor child resides with the plaintiff in North Las Vegas, Nevada.

This case arises out of the arrest, detention, and care of decedent Angela Donatell while in the custody of the City of Las Vegas between September 28, 2013 through October 1, 2013. The City contracted with defendant Correct Care Solutions to provide medical services for those incarcerated at its detention facility. Plaintiffs seek monetary damages for alleged violation of decedent Donatell's civil rights, privileges, and immunities guaranteed under the Eighth and Fourteenth Amendments to the Constitution of the United States. Plaintiffs allege that the decedent was taken into custody and brought to the Las Vegas Detention Center on September 28, 2013 and that she was incarcerated without treatment for diabetes ultimately leading to her death on October 1, 2013 from diabetic ketoacidosis. Plaintiffs have asserted claims for violations of 42 U.S.C. § 1983, violations of the Americans with Disability Act, and wrongful death. After the close of discovery, the district judge considered and decided the defendants' motions for summary

1

judgment and directed that a joint pretrial order be filed. The Joint Pretrial Order (ECF No. 142) was filed on May 1, 2018. On October 30, 2018, the district judge set a jury trial for March 11, 2019.

At a settlement conference conducted December 17, 2018, the parties reached a global settlement of all claims. *See* Minutes of Proceedings (ECF No. 149). This petition and application for order of compromise of minor's claim was filed to obtain court approval of the compromise and the settlement made on behalf of the minor child. For the reasons discussed below, the court will deny the motion without prejudice and require counsel for plaintiff to file an amended petition and application supporting the request which fully complies with applicable state and federal law.

## **DISCUSSION**

The plaintiff's complaint asserts both state and federal claims. Under Nevada law, a parent or guardian must seek the court's approval to compromise a disputed claim held by a minor by filing a verified petition in writing. NRS 41.200. No settlement is effective until it is approved by the court. NRS 41.200(1) ("If an unemancipated minor has a disputed claim . . . , either parent . . . has the right to compromise the claim. Such a compromise is not effective until it is approved by the district court . . . upon a verified petition in writing, regularly filed with the court."); *Haley v. Eighth Jud. Dist. Ct.*, 128 Nev. 171, 176, 273 P.3d 855, 859 (2012) (compromise of a minor's claim "is not effective until approved by the district court upon a verified petition in writing.").

Rule 17(c) of the Federal Rules of Civil Procedure[1] specifically addresses actions on behalf of a minor or incompetent person, and it provides:

> **(1) With a Representative.** The following representatives may sue or defend on behalf of a minor or an incompetent person:
>
> **(A)** A general guardian;
>
> **(B)** A committee;
>
> **(C)** A conservator; or
>
> **(D)** A like fiduciary.
>
> **(2) Without a Representative**. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad

---

[1] All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

2

> litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

In the context of proposed settlements, the Ninth Circuit has recognized that district courts have a special duty under Rule 17(c) "to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181–82 (9th Cir. 2011). This "special duty" requires the court "to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor'." *Robidoux*, 638 F.3d at 1181 (quoting *Dacaney v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). The court must independently investigate and evaluate any compromise or settlement of a minor's claim to assure itself that the minor's interests are protected, even if the settlement has been recommended and/or negotiated by the minor's parent or guardian ad litem. *Id.*

The application and petition requests that the court approve a 40% contingency fee to plaintiff's counsel from the settlement reached on behalf of the minor child in addition to more than $23,000 in costs counsel incurred in prosecuting this action on behalf of the minor child. If approved this would result in slightly more than 50% of the $300,000 allocated to settle the claims of the minor child. The proceeds will be deposited to a blocked account set up by counsel for plaintiffs which will require judicial authorization for disbursement to the minor child once he reaches the age of majority.

Federal courts in the Ninth Circuit typically apply state law and local rules governing the award of attorney's fees. *Id.* In *Robidoux*, however, the Ninth Circuit found that this approach "places undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." *Id.* There, the Ninth Circuit held the "district court's special duty to protect minor plaintiffs requires only that the district court consider whether the net recovery" to the minor is fair and reasonable, without regard to the amount plaintiffs agreed to pay plaintiffs' counsel. *Id.* at 1182. The Ninth Circuit concluded that if the net recovery to the minor plaintiff under the proposed settlement was fair and reasonable, "the district court should approve the settlement as presented, regardless of the amount the parties agreed to designate for adult co-plaintiffs and attorney's fees." *Id.*

The petition and application states that of the total $350,000 global settlement reached $300,000 is to be allocated to the minor with the Estate of Angela Dawn Donatell allocated to

3

receive $50,000. It also states costs of $23,161.02 have been allocated to pursuing the minor's claim for negligence, and that a 40% contingency fee of $120,000 will be deducted from the minor's recovery. Thus, if approved $156,838.98 would be deposited to a blocked account on behalf of the minor child.

The court finds the application and petition is insufficient to enable the court to exercise its special duty to determine whether the settlement is in the best interests of the minor child. The petition does not attach a copy of the executed settlement agreement to enable the court to evaluate whether its terms are fair and reasonable and in the best interests of the minor child. The petition does not attach a copy of the fee agreement reached in this case or itemize or justify the costs allocated to the minor, explain how costs were allocated between the estate and the minor or establish they were reasonably incurred and appropriately allocated to the minor's recovery. The petition does not explain what damages were potentially recoverable in this case on behalf of the minor child or the estate or explain why the amount of the settlement is fair and reasonable and in the interests of the minor child taking into account the plaintiffs' claims, the damages potentially recoverable, available defenses, any statutory caps on recovery and litigation risks.

In short, the current petition provides insufficient information for the court to comply with its special duty to conduct its own inquiry to determine whether the settlement serves the best interests of the minor. The court is required to independently investigate and evaluate any compromise or settlement of a minor's claim to assure itself that the minor's interests are protected, even if the settlement has been recommended and/or negotiated by the minor's parent or guardian ad litem. "This review necessarily entails the authority to review each portion of the proposed compromise for reasonableness and to adjust the terms of the settlement accordingly, including the fees and costs to be taken from the minor's recovery." *Haley v. Eighth Jud. Dist. Ct.*, 128 Nev. 171, 177, 273 P.3d 855, 860 (2012), quoting *Robidoux*, 638 F.3d at 1181-82, and citing Ninth Circuit and other federal circuit case law.

For these reasons,

**IT IS ORDERED** that the Petition and Application for Order for Compromise of Minor's Claim (ECF No. 150) is **DENIED without prejudice.** Plaintiffs shall file an amended petition which comports with the standards set forth in this order and provides the court with:

1. A copy of the executed settlement agreement;
2. An affidavit authenticating the costs, with supporting invoices or other backup, providing a justification why the costs expended were reasonable and necessary to prosecute this case, and an explanation for the allocation of costs between the estate and the minor child;
3. A copy of any written fee agreement between plaintiff and counsel for plaintiff for attorney's fees and costs.
4. The petition shall contain an explanation of the strengths and weaknesses of this case and the reasons counsel believe the settlement is adequate and reasonable to protect the interests of the minor child in compliance with the standards outlined in this order.

DATED this 10th day of January 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE